```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
TRUSTEES OF THE NEW YORK CITY DISTRICT  :
COUNCIL OF CARPENTERS PENSION FUND,     :
WELFARE FUND, ANNUITY FUND,             :
APPRENTICESHIP, JOURNEYMAN RETRAINING,  :   11 Civ. 6267 (DLC)
EDUCATIONAL AND INDUSTRY FUND, et al.   :
                                        :   OPINION AND ORDER
                Plaintiffs,             :
                                        :
           -v-                          :
                                        :
SDS LABOR, INC.,                        :
                Defendant.              :
                                        :
----------------------------------------X
```

APPEARANCES:

For plaintiffs:
Charles R. Virginia
Marc Alan Tenenbaum
Virginia & Ambinder, LLP
Trinity Centre
111 Broadway
Suite 1403
New York, NY 10006


DENISE COTE, District Judge:

The Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educational and Industry Fund ("Carpenters Funds"), New York City District Council of Carpenters Charity Fund ("Charity Fund"), the New York City and Vicinity Carpenters Labor-Management Corporation ("Labor-Management Corporation"), and the District Council for New York

City and Vicinity, United Brotherhood of Carpenters and Joiners of America ("UBCJA," and collectively, "Plaintiffs") have filed this petition for confirmation of an arbitration award and for attorney's fees and costs pursuant to § 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3); § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185; and § 9 of the Federal Arbitration Act, 9 U.S.C. § 9.  Defendant SDS Labor, Inc. ("SDS") has not opposed the petition or otherwise appeared in this action.  For the following reasons, the petition is granted.

BACKGROUND

The Carpenters Funds are employee welfare benefit plans under ERISA.  The UBCJA, a labor union, the Charity Fund, and the Labor-Management Corporation, also join the Carpenters Funds as plaintiffs in this action.  SDS, an employer within the meaning given by ERISA, 29 U.S.C. § 1002(5) and § 501 of the LMRA, is bound by a written collective bargaining agreement ("CBA") between it and the UBCJA.  Under the CBA, SDS

> shall make available to the Trustees of [the Carpenters Funds] all pertinent books and records, including all cash disbursement records, required for an audit, to enable a said auditor to ascertain and to verify, independently that the proper contributions hereunder have been paid and such records will be produced whenever deemed necessary by the Trustees in

>connection with the proper administration of their
>fiduciary responsibilities.

Failure to furnish such records is a violation of the CBA.  The CBA provides that any disputes concerning the application, interpretation, or breach of any provision of the CBA shall be submitted to arbitration before designated arbitrators if not first resolved by settlement.

The Carpenters Funds requested access to SDS's books and records to conduct an audit on numerous occasions.  SDS did not comply.  On July 25, 2011, the Carpenters Funds filed a Notice of Intention to Arbitrate seeking to compel SDS to make available its books and records for the period since February 21, 2009.  On July 25, 2011, arbitrator Roger E. Maher sent a Notice of Hearing to notify the parties of an August 12, 2011 hearing date.

Counsel for the Carpenters Funds, but not counsel for SDS, appeared at the time and place designated by the Notice of Hearing.  The Carpenters Funds presented evidence and witness testimony, after which the arbitrator concluded that SDS's actions in denying the Carpenters Funds access to its pertinent books and records violated the CBA.  Based on that finding, on August 14, 2011, the arbitrator entered a written award ordering SDS to produce "any and all books and records[,] specifically [the] cash disbursement section of the cash book, general

ledger, job location records, daily location records, daily time records and all certified payrolls" for the period since February 21, 2009 (the "Award").  The arbitrator also ordered SDS to pay to the UBCJA $2,350.00 with interest accruing from the date of the Award.  That amount represented court costs, attorneys' fees, and the arbitrator's fees.  A copy of the Award was sent to SDS via regular and certified mail.  SDS has thus far failed to comply with the Award.

On September 8, 2011, Plaintiffs filed this petition to confirm the arbitration award and also requested costs and legal fees incurred in bringing this action.  The summons and complaint were served on SDS on September 9.  SDS did not file any opposition and has not appeared in this action.

DISCUSSION

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate."  City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 136 (2d Cir. 2011) (citation omitted). Instead, a petition to confirm should be "treated as akin to a motion for summary judgment based on the movant's submissions," and where the non-movant has failed to respond, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."

D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109-110 (2d Cir. 2006) (citation omitted).

A motion for summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a); see El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010).  The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the court must view all facts in the light most favorable to the non-moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); El Sayed, 627 F.3d at 933.  When the moving party has asserted facts showing that the nonmovant's claims cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue for trial," and cannot "merely rest on the allegations or denials" contained in the pleadings.  Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist."  Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted).  Only disputes over material facts -- "facts that might affect

5

the outcome of the suit under the governing law" -- will properly preclude the entry of summary judgment.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>SCR Joint Venture L.P. v. Warshawsky</u>, 559 F.3d 133, 137 (2d Cir. 2009).

    "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected."  <u>D.H. Blair & Co.</u>, 462 F.3d at 110 (citation omitted).  A court's review of an arbitration award is "severely limited" so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation.  <u>Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.</u>, 103 F.3d 9, 12 (2d Cir.1997) (citation omitted).

    "[T]he showing required to avoid summary confirmation of an arbitration award is high," <u>D.H. Blair & Co.</u>, 462 F.3d at 110 (citation omitted), and a party moving to vacate an award bears "the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law."  <u>Wallace v. Buttar</u>, 378 F.3d 182, 189 (2d Cir. 2004) (citation omitted).  Thus, a party seeking vacatur of an arbitrator's decision "must clear a high hurdle."  <u>Stolt-Nielson S.A. v. AnimalFeeds Int'l Corp.</u>, --- U.S. ----, ----, 130 S.Ct. 1758,

1767 (2010).  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case.  Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award."  D.H. Blair & Co., 462 F.3d at 110 (citation omitted).

Plaintiffs have sufficiently supported their petition and demonstrated that there is no question of material fact.  SDS has not submitted any opposition.  Therefore, the petition to confirm the Award is granted.  Pursuant to the Award, SDS is ordered to produce any and all records and books necessary to conduct an audit for the period from February 21, 2009 to the date of the Award, August 14, 2011, and is ordered to pay the Plaintiffs $2,350.00 with interest accruing from August 14, 2011.

Plaintiffs also seek attorney's fees and costs for this confirmation proceeding.  They do not point to any statutory authority for such legal fees, but the CBA does provide that upon confirmation of any arbitrator's award arising from a dispute under the CBA, the prevailing party shall "be entitled to receive all court costs in each proceeding as well as reasonable counsel fees."  Furthermore, even absent such a contractual obligation, "[a] court may, pursuant to its inherent equitable powers, assess attorney's fees when the opposing

7

counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons." <u>First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food</u>, 118 F.3d 892, 898 (2d Cir. 1997) (citation omitted).  "In actions for the confirmation and enforcement of arbitral awards, a court may award attorneys' fees if the party challenging the award has refused to abide by an arbitrator's decision without justification."  <u>Id.</u>  Here, SDS has presented no justification or reason for its failure to abide by the arbitrator's decision.

Plaintiffs request attorney's fees and costs in the amount of $1,314.50 -- $896 for billed attorney time and $417.50 for costs incurred.  They have provided sufficient basis for this amount by submitting an affidavit with an exhibit of the time records for the attorneys who worked on this matter as well as enumerated costs.  Accordingly, the request for attorney's fees and costs for the confirmation proceeding is granted.

CONCLUSION

The petition to confirm the arbitration award is granted. The Clerk of Court shall enter judgment for the Plaintiffs for the sum of $2,350.00, with interest accruing from August 14, 2011, plus the attorney's fees and costs for this confirmation

proceeding in the amount of $1,314.50.  The Clerk of Court shall close the case.

SO ORDERED:

Dated:    New York, New York
          December 13, 2011

                                    _____
                                          DENISE COTE
                                    United States District Judge